UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.

SANDRA FETZKO,

    Plaintiff,

v.

WINN-DIXIE STORES, INC.,
a Florida corporation authorized to do
business in the State of Florida, and
PHILIP LUTZ, individually,

    Defendants.
_____/

## **COMPLAINT**

    COMES NOW, the Plaintiff, SANDRA FETZKO, by and through her undersigned attorneys, and hereby sues the Defendant, WINN-DIXIE STORES, INC., a Florida corporation authorized to do business in the State of Florida, and PHILIP LUTZ, individually, and alleges:

    1.    This is an action for damages, declaratory judgment, and injunctive relief to redress the deprivation of rights secured by the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FRCA") and the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*. ("ADAAA") for (a) handicap and disability discrimination; (b) perceived handicap and disability discrimination; and (c) retaliation. Plaintiff also brings a common law claim for assault and battery against Defendant, PHILIP LUTZ, individually.

    2.    Jurisdiction is conferred upon this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 2602 *et seq*.

3. The venue of this Court over this controversy is proper pursuant to 29 U.S.C. § 1391(b) as the Defendant, WINN-DIXIE STORES, INC., has, or usually keeps, a place of business for transaction of its customary business in Jensen Beach, Martin County, Florida and specifically, as Winn-Dixie Store 0308 in Jensen Beach, Martin County, Florida.

4. The Defendant, WINN-DIXIE STORES, INC. ("Winn-Dixie"), at all times material hereto, was Plaintiff's employer under the FCRA and ADAAA.

5. The Defendant, WINN-DIXIE STORES, INC., at all times material hereto, is a Florida corporation authorized to do business in the State of Florida.

6. The Defendant, PHILIP LUTZ ("Lutz"), at all times material hereto, is and was a resident of Stuart, Martin County, Florida.

7. Defendant, PHILIP LUTZ, was the store manager under whom Plaintiff worked.

8. Plaintiff, at all times material hereto, is and was a resident of Port St. Lucie, St. Lucie County, Florida.

9. Plaintiff initially filed an EEOC Charge of Discrimination under the FRCA and ADAAA on April 22, 2021, and more than 180 days have passed since the filing the FCHR and EEOC Charge.

10. The EEOC issued Plaintiff a Notice of Right to Sue letter on April 29, 2022.

11. Plaintiff has exhausted all administrative prerequisites and conditions precedent, if any, and she has filed this action within the applicable statutes of limitations.

**FACTS**

12. Plaintiff worked for Winn-Dixie for 24 years before being terminated on August 7, 2020. For the last several years Plaintiff worked as both a bakery and deli manager at the Jensen Beach location of Winn-Dixie (Store 0308).

13. Plaintiff's performance with Winn-Dixie was always commendable.

14. Around August 2019, Defendant Philip Lutz became Plaintiff's supervisors and store director for the Jensen Beach location of Winn-Dixie (Store 0308).

15. Within weeks of Lutz becoming Plaintiff's supervisor, he began to berate Plaintiff. Several times during every workweek, Lutz would refer to Plaintiff as fat and usually in front of her six subordinate employees. He furthermore regularly imitated Plaintiff's walk/limp exaggerating Plaintiff's right leg being favored as a result of a knee injury. Plaintiff reported this abusive, discriminatory behavior to Human Resources of Winn-Dixie.

16. Plaintiff's knees continued to deteriorate causing her to consult with a medical facility known as Surgery Plus which is associated with Winn-Dixie. This facility is provided as a resource to all employees of Winn-Dixie. As Plaintiff's knees deteriorated, her ambulation became more painful and her abnormal gait more pronounced. Defendant Lutz was made aware of Plaintiff's condition.

17. Plaintiff received an injection in both of her knees and was informed that she would need both knees surgically replaced.

18. After the injection, Plaintiff's ability to stand and walk was temporarily difficult. As a result, Plaintiff required, for a short time, a walker to get her from her car to the front door of her place of employment at the Jensen Beach location of Winn-Dixie.

19. Lutz met Plaintiff at the door and demanded that she not use a walker to come into the store. Plaintiff explained that it was only to get her from the car to the department where, from there, she could continually work with items to steady her.

20. This temporary requirement only lasted for four days.

21.     Not long after, Plaintiff was required to take family medical leave to attend to her husband who had an emergency surgery related to an aortic aneurysm. When Plaintiff to work, Lutz promised that things would be different.

22.     Lutz resumed making fun of the way Plaintiff walked and he imitated her for the entertainment of other employees. Lutz started talking about "fluffy Fridays" and "sloppy Saturdays," which are references to overweight people.

23.     Lutz continued to call Plaintiff fat and he imitated her disabled walk. Additionally, he immediately began becoming very rude and disrespectful to Plaintiff and he would often scream at Plaintiff and throw paperwork at her. Additionally, Lutz would regularly urge Plaintiff to retire or find employment elsewhere.

24.     Lutz began changing work requirements of Plaintiff to make them more difficult and strenuous. At the same, however, Lutz did not impose on any other store department managers the same level of scrutiny or job requirements. Further, Defendant Lutz started to sabotage Plaintiff by misrepresenting her objective performance indicators; i.e., "shrink."

25.     Lutz's behavior toward Plaintiff deteriorated even further when he was one day screaming at her in the bread aisle and then he followed Plaintiff to the deli department where he proceeded to fling a garbage can at Plaintiff which struck her. He then tried to hit Plaintiff with his hand.

26.     Shocked and in fear, Plaintiff immediately called the Human Resources Department and spoke to an HR employee named Maritza. This was Plaintiff's second complaint about Defendant Lutz's abusive, discriminatory, and harassing behavior.

27. Maritza contacted Lutz and then called back Plaintiff on her phone. Maritza instructed Plaintiff to leave the store and go home. Maritza then called Plaintiff to instruct her to return to work on the following Monday at 10 a.m. Maritza indicated to Plaintiff that she would discuss, at that point, what would happen going forward.

28. During Plaintiff's phone call with Maritza, Plaintiff informed her of all of the harassing acts and comments of Lutz as detailed herein including, but not limited to, the regular "fat" insults that Plaintiff was fat and the regular mocking intimidations of Plaintiff's gait and walk.

29. Plaintiff was placed on a personal improvement plan.

30. Lutz was not investigated, nor did he receive any discipline for his illegal treatment of Plaintiff. This is so even though Winn-Dixie had available to it video of Lutz's behavior as directed at Plaintiff including the battery of Plaintiff with the garbage can and the assault perpetrated by Lutz. Defendant Winn-Dixie chose to cover up Defendant Lutz's abusive, discriminatory, and harassing behavior and enable Defendant Lutz to complete his destruction of Plaintiff's 24 year career.

31. Subsequent to these events, Lutz became even more intense making more frequent inspections of Plaintiff's department, nitpicking her on minor issues, falsifying more documentation to make Plaintiff look worse, and imposing tougher job requirements on Plaintiff than others within the store.

32. Lutz continued to call Plaintiff fat and he ridiculed her gait and he regularly encouraged her to "find employment elsewhere." On August 7, 2020, Lutz terminated Plaintiff and ended her 24 year career with Winn-Dixie.

## COUNT I:  PLAINTIFF'S CLAIM FOR DISCRIMINATION
## UNDER THE ADAAA AGAINST DEFENDANT WINN-DIXIE
### (Hostile Work Environment)

33. Plaintiff realleges and reavers Paragraphs 1 though 32, above, as if fully restated herein.

34. Plaintiff belonged to a protected group; i.e., qualified individuals with a disability or a record of a disability.

35. Plaintiff was subjected to unwelcome harassment.  This harassment included, but was not limited to, the circumstances set forth in Paragraphs 19 through 32, above.

36. This harassment of Plaintiff was based upon Plaintiff's diagnoses of failed knees requiring replacement, her obesity, and/or Lutz's perception that Plaintiff was disabled as a result of these medical conditions.

37. The harassment of Plaintiff was severe and pervasive to the level that it altered the terms and conditions of her employment and created a discriminatorily abusive working environment.

38. Defendants are responsible for this hostile work environment in that it was imposed upon Plaintiff by Plaintiff's direct supervisory managers.

WHEREFORE, Plaintiff, SANDRA FETZKO, respectfully requests that this Honorable Court grant the following relief:

    A. Reinstatement, or in the alternative, front pay;

    B. Award Plaintiff all monetary damages to which she is entitled, including back pay, compensatory damages as alleged herein, and punitive damages;

    C. Award Plaintiff reasonable attorney's fees and the costs of this action, to be taxed against Defendant, WINN-DIXIE STORES, INC., pursuant to the ADAAA and 42 U.S.C. § 12117(a), 12133, 2000e5k, *et seq.*

  D. Plaintiff requests judgment for damages and trial by jury; and

  E. Grant such other and further relief as this Court may deem just and proper.

## COUNT II:  PLAINTIFF'S CLAIM FOR DISCRIMINATION  UNDER THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANT WINN-DIXIE
### (Hostile Work Environment)

39. Plaintiff realleges and reavers Paragraphs 1 though 32, above, as if fully restated herein.

40. Plaintiff belonged to a protected group; i.e., qualified individuals with a disability or a record of a disability.

41. Plaintiff was subjected to unwelcome harassment.  This harassment included, but was not limited to, the circumstances set forth in Paragraphs 19 through 32, above.

42. This harassment of Plaintiff was based upon Plaintiff's diagnoses of failed knees requiring replacement, her obesity, and/or Lutz's perception that Plaintiff was disabled as a result of these medical conditions.

43. The harassment of Plaintiff was severe and pervasive to the level that it altered the terms and conditions of her employment and created a discriminatorily abusive working environment.

44. Defendants, WINN-DIXIE STORES, INC., is responsible for this hostile work environment in that it was imposed upon Plaintiff by Plaintiff's direct supervisory managers and same violates Florida Statutes § 760.10.

WHEREFORE, Plaintiff, SANDRA FETZKO, respectfully requests judgment against the Defendant, WINN-DIXIE STORES, INC., as follows:

  A. For special and economic damages including, but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all causes of action;

B. For general damages and noneconomic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all causes of action;

C. For punitive damages;

D. For an award of interest, including prejudgment interest, at the legal rate for all causes of action;

E. For costs and fees of suit herein incurred for all causes of action;

F. For reasonable attorney's fees herein incurred for all causes of action under Florida Statutes § 760.11; and

G. For such other and further relief as the Court may deem proper.

### COUNT III: PLAINTIFF'S CLAIM FOR DISCRIMINATION - VIOLATION OF ADAAA AGAINST DEFENDANT WINN-DIXIE

45. Plaintiff realleges and reavers Paragraphs 1 though 32, above, as if fully restated herein.

46. At all times material hereto, all provisions of the ADAAA were in full force and effect and were binding upon Defendant Winn-Dixie.

47. All times material hereto, Plaintiff was an employee of Defendant Winn-Dixie and Defendant Winn-Dixie was an employer as defined by the ADAAA. Plaintiff was qualified to perform the essential functions of her job as a bakery manager and deli manager.

48. During Plaintiff's employment with Defendant Winn-Dixie, Defendant Dixie, through the conduct of its manager Philip Lutz, discriminated against Plaintiff on the basis of a "perceived disability."

49. At all times material hereto, Defendant Lutz was acting within the course and scope of his employment with Defendant Winn-Dixie. Defendant Lutz incorrectly regarded Plaintiff as being disabled/handicapped due to her failed knees and obesity. In fact, Defendant Lutz openly described Plaintiff as being "fat" and mockingly imitated her limp.

50. Defendant Winn-Dixie's discriminatory acts included, but were not limited to, the following:

   a. intentionally misrepresenting her performance numbers; and

   b. illegally terminating Plaintiff based upon the perceived disability.

51. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Florida Commission on Human Relations ("FCHR"). Ninety (90) days have passed since Plaintiff filed with EEOC, therefore, Plaintiff has exhausted all of her administrative remedies.

52. As a proximate result of Defendant Winn-Dixie's unlawful conduct as set forth above, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, earning capacity, back pay, front pay, and other employment benefits, all to her detriment, in an amount to be shown according to proof.

53. As a proximate result of Defendant Winn-Dixie's unlawful conduct as set forth above, Plaintiff has suffered and continues to suffer physical, personal injuries, embarrassment, humiliation, mental anguish, and other general damages, all to her detriment, in an amount to be shown according to proof.

54. Defendant Winn-Dixie committed the acts alleged herein despicably, maliciously, and/or oppressively, with the wrongful intention of injuring Plaintiff. Plaintiff is entitled to recover punitive damages from Defendant Winn-Dixie in the amount of $100,000.00 pursuant to the ADAAA.

55. As a result of Defendant Winn-Dixie's unlawful conduct, Plaintiff is entitled to recover reasonable attorney's fees and costs of said suit as provided by the ADAAA in an amount to be shown according to proof

WHEREFORE, Plaintiff, SANDRA FETZKO, respectfully requests judgment against the Defendant, WINN-DIXIE STORES, INC., as follows:

- A. For special and economic damages including, but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all causes of action;
- B. For general damages and noneconomic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all causes of action;
- C. For punitive damages;
- D. For an award of interest, including prejudgment interest, at the legal rate for all causes of action;
- E. For costs and fees of suit herein incurred for all causes of action;
- F. For reasonable attorney's fees herein incurred for all causes of action under the ADAAA; and
- G. For such other and further relief as the Court may deem proper.

### COUNT IV:  PLAINTIFF'S CLAIM FOR BATTERY AGAINST DEFENDANT PHILIP LUTZ

56. Plaintiff realleges and reavers Paragraphs 23, 25, and 26, above, as if fully restated herein.

57. Defendant Lutz, during business hours, committed an unpermitted and violent touching of the person of Plaintiff as described in Paragraphs 23, 25, and 26, above.  At no time did Plaintiff consent to any form of touching by Defendant Lutz.

58. Defendant Lutz physically battered Plaintiff. He intended to batter Plaintiff and cause said unpermitted and unlawful touching.

59. The contact was harmful and offensive.

60. Said unpermitted touching caused injury to Plaintiff of both a bodily and emotional nature. Defendant Lutz's batteries as described herein were the cause of damages to Plaintiff including, but not limited to, the following:

    a. emotional pain and suffering--past, present, and future; and

    b. humiliation and degradation.

WHEREFORE, Plaintiff, SANDRA FETZKO, requests judgment against the Defendant, PHILIP LUTZ, individually.

### COUNT V: PLAINTIFF'S CLAIM FOR RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANT WINN-DIXIE

61. Plaintiff realleges and reavers Paragraphs 1 through 32, above, as if fully restated herein.

62. Plaintiff personally complained of harassment and a hostile work environment based upon her manager/Defendant Lutz's belief and perception that Plaintiff was disabled. Plaintiff complained on two separate occasions of Defendant Lutz's hostile, abusive, and harassing treatment of her within the workplace.

63. As such, Plaintiff engaged in opposition to illegal disability and harassment which is a protected activity for which Defendant Winn-Dixie could oppose no retaliatory measures against Plaintiff. Subsequent to Plaintiff's opposition to Defendant Lutz's illegal harassment as described herein, Plaintiff was given false and negative evaluations and ultimately terminated, ending her 24 year career with Defendant Winn-Dixie. The termination and unjustified negative and false evaluations were all adverse employment actions that violate the Anti-Retaliation provisions of the Florida Civil Rights Act.

64. Defendant Winn-Dixie, through its management figure Defendant Lutz, maliciously, riftly, wantonly, and in reckless disregard of Plaintiff's rights willingly and knowingly retaliated against Plaintiff for her opposition to the disability harassment perpetrated by Defendant Lutz. Said termination would not have occurred but for Plaintiff's protected activity and a causal connection exists between Plaintiff's complaints in opposition to disability and harassment and her protected activity as described herein. Defendant Winn-Dixie's retaliatory termination of Plaintiff was and is a violation of the Anti-Retaliation provisions of the Florida Civil Rights Act.

WHEREFORE, Plaintiff, SANDRA FETZKO, respectfully requests judgment against the Defendant, WINN-DIXIE STORES, INC., as follows:

A. For special and economic damages including, but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all causes of action;

B. For general damages and noneconomic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all causes of action;

C. For punitive damages;

D. For an award of interest, including prejudgment interest, at the legal rate for all causes of action;

E. For costs and fees of suit herein incurred for all causes of action;

F. For reasonable attorney's fees herein incurred for all causes of action under Florida Statutes § 760.11; and

G. For such other and further relief as the Court may deem proper.

## COUNT VI: PLAINTIFF'S CLAIM FOR RETALIATION UNDER THE ADAAA AGAINST DEFENDANT WINN-DIXIE

65. Plaintiff realleges and reavers Paragraphs 1 through 32, above, as if fully restated herein.

66. Plaintiff personally complained of harassment and a hostile work environment based upon her manager/Defendant Lutz's belief and perception that Plaintiff was disabled. Plaintiff complained on two separate occasions of Defendant Lutz's hostile, abusive, and harassing treatment of her within the workplace.

67. As such, Plaintiff engaged in opposition to illegal disability and harassment which is a protected activity for which Defendant Winn-Dixie could oppose no retaliatory measures against Plaintiff. Subsequent to Plaintiff's opposition to Defendant Lutz's illegal harassment as described herein, Plaintiff was given false and negative evaluations and ultimately terminated, ending her 24 year career with Defendant Winn-Dixie. The termination and unjustified negative and false evaluations were all adverse employment actions that violate the ADAAA.

68. Defendant Winn-Dixie, through its management figure Defendant Lutz, maliciously, riftly, wantonly, and in reckless disregard of Plaintiff's rights willingly and knowingly retaliated against Plaintiff for her opposition to the disability harassment perpetrated by Defendant Lutz. Said termination would not have occurred but for Plaintiff's protected activity and a causal connection exists between Plaintiff's complaints in opposition to disability and harassment and her protected activity as described herein. Defendant Winn-Dixie's retaliatory termination of Plaintiff was and is a violation of the ADAAA.

WHEREFORE, Plaintiff, SANDRA FETZKO, respectfully requests that this Honorable Court grant the following relief:

    A. Reinstatement, or in the alternative, front pay;

B. Award Plaintiff all monetary damages to which she is entitled, including back pay, compensatory damages as alleged herein, and punitive damages;

C. Award Plaintiff reasonable attorney's fees and the costs of this action, to be taxed against Defendant, WINN-DIXIE STORES, INC., pursuant to the ADAAA and 42 U.S.C. § 12117(a), 12133, 2000e5k, *et seq.*

D. Plaintiff requests judgment for damages and trial by jury; and

E. Grant such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all of the issues so triable by law.

Respectfully submitted,

CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
Counsel for Plaintiff
Compson Financial Center, Suite 227
1880 North Congress Avenue
Boynton Beach, FL 33426
561-369-3331
561-369-5902 (fax)
E-mail: crush@crushlawfl.com
E-mail: eservice@crushlawfl.com

By          */s/ Christopher J. Rush*
          Christopher J. Rush    (FBN 621706)